NUMBER 13-01-849-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
HUMBERTO LICEA,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 347th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Memorandum Opinion by Justice Yañez
 

          A jury convicted appellant, Humberto Licea, of three counts of aggravated sexual
assault of a child


 and two counts of sexual assault of a child.


 The jury assessed
punishment at forty-five years’ confinement in the Institutional Division of Texas
Department of Criminal Justice on each of the three counts of aggravated sexual assault
of a child and twenty years’ confinement on each of the two counts of sexual assault of a
child. In two issues, appellant challenges the trial court’s admission of: 1) his written
statement, on the ground that it was not voluntary; and 2) his statements to social workers
made during his voluntary treatment at a hospital, on the ground that the statements were
privileged communications. The trial court has certified that this “is not a plea-bargain
case, and the defendant has the right of appeal.” See Tex. R. App. P. 25.2(a)(2). We
affirm.  
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court's decision and
the basic reasons for it. See Tex. R. App. P. 47.4.
Standard of Review
          The standards of appellate review for motions to suppress are set forth in Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The appropriate standard of review
depends on the exact issues presented. Guzman recognizes three different categories
and provides the appropriate standard of review for each. Id. In category one, where the
issue presented involves the trial court's determination of historical facts supported by the
record, especially those in which the fact findings are based on an evaluation of credibility
and demeanor, the appellate court should afford almost total deference to the trial court's
determination. Id. In category two, where the issue presented involves the trial court's
rulings on "application of law to fact questions," also known as "mixed questions of law and
fact," and where the resolution of those ultimate questions turns on an evaluation of
credibility and demeanor, the appellate court should again afford almost total deference
to the trial court's rulings. Id. In category three, where the issue presented involves "mixed
questions of law and fact" which do not fall into the second category, that is, do not turn on
an evaluation of credibility and demeanor, then de novo review is appropriate. Id.
However, the reviewing court should still afford deference to the trial court on the
subsidiary factual questions which fall into the first category. Id. When the evidence is
controverted, the appellate court should give almost total deference to the trial court's
determination of historical facts but should review de novo the application of the law to
those facts. Id. at 89.
          The determination of whether a statement is voluntary, which is the issue in this
case, is a mixed question of law and fact which turns on the credibility of the witnesses and
therefore falls within category two. Garcia v. State, 15 S.W.3d 533, 535 (Tex. Crim. App.
2000). Accordingly, the trial court's determination should be granted almost total deference
on appeal. Id.
The Trial Court’s Findings
          In his first issue, appellant challenges the voluntariness of a written statement
signed by appellant after he was interviewed at the police station. The trial court held a
hearing to determine the voluntariness of the statement. Pursuant to this Court’s order,
the trial court filed findings of fact and conclusions of law. See Tex. Code Crim. Proc.
Ann. art. 38.22 § 6 (Vernon Supp. 2004). The trial court’s findings of fact included the
following: 1) appellant and his wife went to the police department to speak to Detective
Leonard Garza; appellant was not told he had to speak to the police, or that speaking to
the police was a condition of any continued custody of the victim; 2) appellant was not
intoxicated, delusional, or psychotic during the interview; 3) neither appellant nor his wife
told Garza appellant could not read or write; and 4) appellant was admitted to the hospital
because he was suffering from depression; he was not found to be intoxicated,
incompetent, or psychotic when admitted to the hospital. The trial court’s conclusions of
law included the following: 1) appellant was not in custody during the interview; 2) all
applicable requirements of article 38.22 were met; 3) appellant knowingly, intelligently, and
voluntarily waived the rights set out in article 38.22; and 4) appellant’s written statement
was voluntarily made and is admissible.
          Appellant’s written statement, in which he admits to sexually assaulting the victim,
was subsequently admitted at trial. Although appellant testified at the suppression hearing,
he did not testify at either the guilt/innocence or punishment phase of his trial.
Analysis 
A. Appellant’s Written Statement
          Detective Garza testified that appellant came to the police station voluntarily and
that he did not threaten or pressure appellant to make a statement. He also testified
appellant did not appear intoxicated and seemed to understand the questions he was
asked. He testified that he read and explained appellant’s Miranda


 warnings to him and
that appellant voluntarily waived his rights and initialed the warnings. A Child Protective
Services investigator testified that she did not threaten to take appellant’s child away or
otherwise force him to talk to the police. 
          “The trial judge ‘is the sole trier of fact and judge of the credibility of the witnesses
and the weight to be given their testimony.’” Cerda v. State, 10 S.W.3d 748, 751 (Tex.
App.–Corpus Christi 2000, no pet.) (quoting State v. Ballard, 987 S.W.2d 889, 891 (Tex.
Crim. App. 1999)). Considering all of the evidence, we conclude the trial court was entitled
to determine that appellant’s statement was voluntary and admissible. We overrule
appellant’s first issue. 
B. Appellant’s Claim of Privilege 
          In his second issue, appellant challenges the trial court’s admission of inculpatory
statements he made to a social worker in group therapy sessions at the hospital. Appellant
contends the statements are inadmissible because they are privileged communications. 
          Following a hearing outside the presence of the jury, the trial court overruled
appellant’s objections to the admissibility of his statements on privilege grounds. We
review a court's ruling on the admissibility of evidence under an abuse of discretion
standard. Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996). We will not
reverse such a ruling so long as it falls "within the 'zone of reasonable disagreement.'" Id.
at 102 (quoting Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on
reh'g)). Further, error may not be predicated upon a ruling which admits or excludes
evidence unless a substantial right of the party is affected. Tex. R. Evid. 103(a); see also
Tex. R. App. P. 44.2(b). 
          Appellant relies on Texas Rule of Evidence 509(b), which provides:
Limited Privilege in Criminal Proceedings. There is no physician-patient
privilege in criminal proceedings. However, a communication to any person
involved in the treatment or examination of alcohol or drug abuse by a
person being treated voluntarily or being examined for admission to
treatment for alcohol or drug abuse is not admissible in a criminal
proceeding.
 
Tex. R. Evid. 509(b). Appellant also cites article 38.101 of the Texas Code of Criminal
Procedure, which similarly provides a privilege for communications by persons being
treated voluntarily for drug abuse. See Tex. Code Crim. Proc. art. 38.101 (Vernon 1979). 
          The trial court overruled appellant’s privilege objections and Christine Welsh, a
social worker, testified regarding statements made by appellant during group therapy
sessions at the hospital. Welsh testified that during therapy, appellant “expressed remorse
and guilt related to the molestation charges by [the victim].” Welsh also testified that
appellant’s hospital records reflect that he stated that “this incident [molestation] happened
two to three years ago.” 
          Appellant argues that the exception to rule 509(b) is applicable because during his
hospitalization, appellant was treated for depression and alcohol abuse. Appellant points
to his treatment plan, which reflects that he received treatment for depression and alcohol
abuse, and to testimony by Welsh and his treating psychiatrist that he received treatment
for depression and alcohol abuse.
          The State’s response notes that although Welsh testified appellant was treated for
depression and alcohol abuse, she specifically testified that he was in group therapy
primarily to deal with his depression. She also testified that at the time he made the
inculpatory statements, he was being treated primarily for depression and suicidal
ideations, and not for alcohol or drug abuse. Similarly, appellant’s treating psychiatrist
testified that appellant was treated for depression. 
          We hold the trial court did not abuse its discretion in determining that appellant’s
statements were not privileged communications under rule 509(b) and were therefore
admissible. We overrule appellant’s second issue.
          We AFFIRM the trial court’s judgment. 
 

                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice




Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the 
28th day of October, 2004.